**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| David Lee Parker, | Case No. 9:25-12799-RMG |
| Plaintiff, | |
| v. | |
| Dir. Harvey, Alvin S. Glenn, Richland County Sheriff's Office, 5th Circuit Solicitor's Office, | **ORDER** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 6) recommending that this case be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to respond to the Magistrate Judge's Proper Form Order. Plaintiff was warned that a failure to respond to the Proper Form Order could result in dismissal of his suit. (Dkt. No. 3). Plaintiff did not respond to the Proper Form Order, and the Magistrate Judge then issued the R & R recommending the dismissal of the case without prejudice. Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to timely submit objections would result in limited clear error review and a waiver of the right to appeal the District Court's order. (*Id*. a 3). No timely objections have been filed.

## I. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making

1

a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## II.    Discussion

Plaintiff's submission to the Court was a handwritten unsigned statement criticizing conditions at the Alvin S. Glenn Detention Center. (Dkt. No. 1).  The Proper Form Order directed that the Plaintiff sign his submissions, complete a complaint form, submit a filing fee if he was not an indigent or an Application to Proceed Without Payment if he is indigent, and provide information about the named defendants. (Dkt. No. 3 at 2-3).  When Plaintiff failed to respond to the Proper Form Order, the Magistrate Judge issued the R & R and provided Plaintiff an opportunity to object to the dismissal of his case.  Plaintiff failed to submit any objection to the R & R, resulting in the present unobjected to R & R recommending the dismissal of this action under Rule 41(b).

Under these circumstances, the the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this case should be dismissed under Rule 41(b).

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 6) as the Order of the Court and dismisses this case without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 13, 2026
Charleston, South Carolina

3